### APPEAL OF W. H. HARRIS GROCERY CO., INC.

Docket No. 3884.    Submitted July 8, 1925.    Decided December 21, 1925.

Where the evidence is clear and convincing that the board of directors of a corporation actually met within the year and voted additional compensation to its officers and employees, such additional compensation is properly deductible from gross income for that year under section 234 (a) (1) of the Revenue Act of 1918, although no formal minutes of the meeting were preserved.

*R. E. Cabell, Esq.*, and *James H. Rindfleisch, C. P. A.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1918 in the amount of $16,174.30. The deficiency letter showed an overassessment for 1919 in the amount of $89.46.

The question here involved is whether the taxpayer is entitled to the deduction of additional salaries to officers and employees of $27,000 in 1918 and $25,000 in 1919.

### FINDINGS OF FACT.

The taxpayer is a Virginia corporation, engaged in the wholesale grocery business in Richmond.

At a meeting of the taxpayer's board of three directors held in December, 1918, it was voted to pay additional salaries for 1918 of $15,000 payable to two officers and directors, and of $12,000 to be divided among employees, in amounts and to such persons as should be determined by the two officers. The amounts so determined and the employees to whom payable (17 in number) were entered upon the books of the taxpayer for the year 1918 prior to the closing of the books. No authorization for the action appeared in the taxpayer's minute book under date of 1918, but under date of February 15, 1919, the following record was entered in the minute book:

A meeting of the directors of the W. H. Harris Grocery Co. Inc. was this day held in their office, 15th & Dock Sts., Richmond, Va.

FEBY. 15TH, 1919.

Present

    W. H. Harris.

    A. R. Ellerson.

    J. D. Berger.

The minutes of the last meeting were read.

On motion duly seconded it was resolved that in view of the increase of labor imposed upon the officers and employees of this Company, and of their faithful and diligent efforts during a period of disturbed labor conditions, that in addition to their regular salaries there should be paid to each officer and employee of the Company an amount equal to their special efforts in aiding the Company to continue their usual growth and success during the past year, despite the fact that labor conditions were poor. In view of the fact that prices have advanced a great deal on food stuffs it is very necessary that the increases shall be very liberal, especially on account of the great increase in the cost of living.

Be it resolved that this Company shall pay an additional $15,000.00 to its officers and an additional $12,000.00 to its employees.

The above amounts to be divided among its officers and employees according to the standing and the value of their services to the Company, and to be paid at a time later which will be suitable to the Company.

Having no further business to come before the meeting, same adjourned.

W. H. HARRIS, *Prest.*

J. D. BERGER, *Sec'y.*

In December of 1919, two of the taxpayer's officers and directors informally decided that additional salaries should be paid for 1919 of $15,000 to the two officers and directors and of $10,000 to such employees and in such amounts as the two officers might determine. No entries were made upon the books of the taxpayer within the year 1919 covering such additional salaries. The two officers made their determination and approved payment to themselves and to 22 employees within the year 1920, the action being authorized by a

vote of the directors under date of January 31, 1920, reading as follows:

Annual meeting of the Directors of the W. H. Harris Grocery Co. Inc. was this day held in their offices 15th & Dock Sts., Richmond, Virginia.

JANY. 31, 1920.

Present

W. H. Harris.

J. D. Berger.

S. H. Ellerson.

Minutes of the last meeting were read.

On motion duly seconded it was resolved that a bonus or additional salaries, would be paid to the officers and employees of the Company according to their standing and services performed by them during the year.

Officers to receive_____ $15,000.00
Employees _____ 10,000.00

The above amounts to be paid at a later time suitable to the Company.

There being no further business to come before the meeting, same adjourned.

W. H. HARRIS, *Prest.*

J. D. BERGER, *Secy.*

Both of the officers, who were also directors, were stockholders in the taxpayer, but the amounts determined upon as their additional compensation for 1919 bore no relation to their respective stockholdings.

All contracts of employment, with one exception, were verbal and, during the years 1918 and 1919, all employees with reference to whom additional salaries were authorized as aforesaid had the understanding at the beginning of each year that in addition to their regular salaries they would receive such further amounts at the end of the year as might be determined upon by the two officers in their sole judgment and discretion.

The taxpayer kept its accounts and rendered its returns upon the accrual basis.

DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

OPINION.

MARQUETTE: We are satisfied from the evidence that the additional compensation to the officers and employees of the taxpayer for the year 1918 was determined and became a liability of the corporation during that year. The evidence convincingly discloses that a directors' meeting was held within the year, at which meeting the amount of additional compensation was determined, and these amounts were actually set up on the taxpayer's books as liabilities to the several officers and employees within the year. No

formal minutes of this meeting were made in the corporate minute book, and no formal action was taken until February 15, 1919. That formal action of the board of directors is not essential to the creation of a liability against the corporation, if action was in truth intended, was held in *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45. We therefore are of opinion that the additional compensation authorized for the year 1918 was a proper deduction for that year.

The evidence with respect to the year 1919 leaves us unconvinced that there was any competent action on the part of the directors which could create a liability against the corporation for that year. All the evidence points to action in 1920, and the determination of the Commissioner disallowing the additional salary deduction in 1919 must be approved.